IN THE DISTRICT COURT IN AND FOR WAGONER COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SHAY & KLAHR PROPERTIES, INC., d/b/a BRADFORD CREEK APARTMENTS,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN HERITAGE INSURANCE COMPANY; CUNNINGHAM LINDSEY U.S., INC.; and SON COUNTRY INSURANCE INC.,<br><br>Defendants. | Case No. CJ-2013-231<br>Judge Shepherd<br><br>ATTORNEYS LIEN CLAIMED |

## PETITION

COMES NOW the Plaintiff, Shay & Klahr Properties, Inc. d/b/a Bradford Creek Apartments and for its causes of action against the Defendants, Western Heritage Insurance Company, Cunningham Lindsey U.S., Inc. and Son Country Insurance, Inc., alleges as states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Shay & Klahr Properties, Inc. d/b/a Bradford Creek Apartments ("Plaintiff"), is an Oklahoma corporation with its principal place of business in Wagoner County, Oklahoma.

2. Defendant, Western Heritage Insurance Company ("Western Heritage"), is a foreign insurer organized under the laws of the state of Arizona with its principal place of business in Scottsdale, Arizona.

3. Defendant, Cunningham Lindsey U.S., Inc. ("Cunningham Lindsey"), is a Texas corporation with its principal place of business in Dallas, Texas.

**EXHIBIT "B"**

4. Defendant, Son Country Insurance, Inc. ("Son Country"), is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

5. For the reasons set forth above, jurisdiction and venue are proper in Wagoner County, Oklahoma.

## FACTUAL BACKGROUND

6. The allegations set forth in each of the preceding paragraphs are incorporated by reference as if fully set forth herein.

7. On or about August 8, 2007, Plaintiff went to Son Country to purchase an insurance policy to protect the property known as Bradford Creek Apartments.

8. Son Country placed Plaintiff's insurance with Western Heritage.

9. On or about October 17, 2007, a storm severely damaged the Bradford Creek Apartments.

10. Plaintiff's insurance policy with Western Heritage was in full force and effect at the time of the loss.

11. Plaintiff promptly reported the loss.

12. Western Heritage retained Cunningham Lindsey to investigate the loss.

13. Plaintiff's loss was covered under its policy of insurance with Western Heritage.

14. Western Heritage and Cunningham Lindsey failed to conduct a full, fair and complete investigation of Plaintiff's loss.

15. Western Heritage failed to make timely payments of benefits due to Plaintiff under the terms of its insurance policy.

16. Western Heritage failed to pay all benefits due to Plaintiff under the terms of its insurance policy.

## COUNT I

## WESTERN HERITAGE—BREACH OF CONTRACT AND BAD FAITH

17. The allegations set forth in each of the preceding paragraphs are incorporated by reference as if fully set forth herein.

18. Western Heritage wrongfully breached the contract between itself and Plaintiff by: (1) failing to properly investigate the loss; (2) delaying payment of policy benefits; and (3) refusing to pay all the benefits allowed by the contract.

19. Further, Western Heritage owed a duty of good faith and fair dealing to Plaintiff, which duty obligated Western Heritage to: (1) conduct a full, fair, complete and timely investigation of Plaintiff's claim; and (2) evaluate and pay Plaintiff's claims in a timely manner.

20. Western Heritage breached its duty of good faith and fair dealing owed to Plaintiff.

21. The acts and omissions of Western Heritage were intentional and malicious or alternatively were reckless.

22. As a direct result of the acts and omissions of Western Heritage, Plaintiff has suffered damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.[1]

## COUNT II

## SON COUNTRY—BREACH OF IMPLIED CONTRACT AND NEGLIGENCE

23. The allegations set forth in each of the preceding paragraphs are incorporated by reference as if fully set forth herein.

---

[1] Although pleading in this manner is now required pursuant to the recent amendment to Okla. Stat. tit. 12, § 2008, Plaintiff does not concede that this matter is properly removable to federal court. This case is not removable to federal court because it does not meeting the remaining requirements of Section 1332. Namely, there is no complete diversity of citizenship among the plaintiffs and defendants.

3

24. Plaintiff engaged Son Country to procure insurance for the property at issue in this lawsuit.

25. The insurance policy at issue in this lawsuit was marketed, sold and serviced by Son Country.

26. Son Country had a duty to use reasonable case in procuring insurance for Plaintiff and in servicing the insurance policy it sold to Plaintiff.

27. Son Country breached its duties to Plaintiff by placing Plaintiff's insurance with Western Heritage.

28. Son Country further breached its duties to Plaintiff by refusing to aid Plaintiff in obtaining policy benefits for the loss at issue in this lawsuit.

29. The actions of Son Country were intentional and malicious or alternatively were reckless.

30. As a direct result of the acts and omissions of Son Country, Plaintiff has suffered damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.[2]

## COUNT III

### CUNNINGHAM LINDSEY—NEGLIGENCE AND NEGLIGENT TRAINING AND SUPERVISION

31. The allegations set forth in each of the preceding paragraphs are incorporated by reference as if fully set forth herein.

32. Plaintiff's loss was investigated by Cunningham Lindsey. Cunningham Lindsey is an independent insurance investigating firm.

---

[2] *See* Note 1.

4

33. As set forth in the decision of the Oklahoma Court of Appeals in *Brown v. State Farm Fire and Casualty Company*, 2002 OK CIV APP 107, 58 P.2d 217, "... independent insurance investigators owe a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim." *Id.* The breach of this duty may render the investigator liable to the insured on a theory of negligence. *Id.*[3]

34. Cunningham Lindsey did not conduct a fair and reasonable investigation of Plaintiff's claim and breached its duty to Plaintiff.

35. Further, Cunningham Lindsey has a duty to train and supervise its employees to comply with Oklahoma law when handling and adjusting claims.

36. Cunningham Lindsey failed to properly train and supervise the adjuster assigned to investigate Plaintiff's loss.

37. Among other things, Cunningham Lindsey assigned an adjuster to investigate Plaintiff's loss that it knew or should have known was not capable of properly investigating Plaintiff's loss.

38. Said adjuster did not conduct a fair and reasonable investigation of Plaintiff's loss.

39. Said adjuster was frequently unavailable to discuss Plaintiff's loss with others.

40. Said adjuster was frequently absent form work during the period of time she was assigned to Plaintiff's loss.

41. Said adjuster was ultimately fired from Cunningham Lindsey due to an undisclosed "disability."

42. The actions of Cunningham Lindsey were intentional and malicious or alternatively were reckless.

---

[3] Plaintiff's claim against Midlands Claims Administrators is for negligence. Plaintiff does not assert a claim for insurance bad faith against Midlands Claims Administrators.

5

43. As a direct result of the acts and omissions of Cunningham Lindsey, Plaintiff has suffered damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.[4]

WHEREFORE, Plaintiff requests actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages, pre-judgment interest, post-judgment interest, court costs, attorney's fees, and any further relief that the Court deems just and proper.[5]

Respectfully submitted,

Brian E. Dittrich, OBA #14934
DITTRICH LAW FIRM, P.L.L.C.
320 South Boston, Suite 825
Tulsa, Oklahoma 74103
(918) 894-6700 Telephone
(918) 582-9905 Facsimile
ATTORNEYS FOR PLAINTIFF

And

William R. McMahon, OBA #6057
1720 East 14th Place
Tulsa, Oklahoma 74104
(918) 742-3600 Telephone
(918) 742-3601 Facsimile
ATTORNEYS FOR PLAINTIFF

---

[4] *See* Note 1.
[5] *See* Note 1.